UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALVADOR LEYVA,

                         Plaintiff,

                                     CIVIL CASE NO. 04-40171

v.

COACHMEN R.V. COMPANY, et al.,          HONORABLE PAUL V. GADOLA
                                       U.S. DISTRICT COURT
                            Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Before the Court is Defendants' motion for judgment as a matter of law, made orally, after the close of Plaintiff's proofs at trial on September 14, 2005. Defendants' sought judgment as a matter of law on the issues of whether Plaintiff presented sufficient evidence that Defendant Walt Michal's RV Center breached an implied warranty of merchantability and whether Plaintiff presented sufficient evidence that Defendant Coachmen Recreational Vehicle Company breached its express, limited warranty. Defendants also sought judgment as a matter of law on two other issues: Whether Plaintiff can sue Defendant Coachmen (the manufacturer) for a breach of the implied warranty of merchantability in Michigan as a matter of law, and whether Defendant Walt Michal's disclaimer of the implied warranty of merchantability is enforceable. The Court denied Defendants' motion on the former two issues, those relating to the sufficiency of the evidence presented by Plaintiff, and took the latter two issues under advisement. The Court now issues its ruling with regard to the latter two issues.

I.      **Whether Plaintiff can sue Defendant Coachmen (the manufacturer) for a breach of the implied warranty of merchantability in Michigan as a matter of law.**

Defendant argues that Plaintiff cannot sue Defendant Coachmen for a breach of the implied warranty of merchantability because, in Michigan, such a claim requires that privity of contract exist between Plaintiff and Defendant Coachmen.  In support of this principle, Defendant relies on *Watson v. Damon Corp.*, 2002 U.S. Dist. LEXIS 27084, 15-16 (W.D. Mich. 2002), an unpublished case from the Western District Of Michigan, which held:

> "In order for a plaintiff to recover economic losses on a breach of implied warranty theory under Michigan contract law, privity of contract must exist between the plaintiff and the defendant." *Mt. Holly Ski Area v. U.S. Elec. Motors*, 666 F. Supp. 115, 120 (E.D. Mich. 1987). The *Mt. Holly* court recognized that the Courts of Appeals of Michigan were split on whether privity is required to state a claim for breach of implied warranties where there is no allegation of personal injury. Id. at 118-20; *compare Auto-Owners Ins. Co. v. Chrysler Corp.*, 129 Mich. App. 38, 341 N.W.2d 223 (1983) (finding privity required), *and* N. *Feldman & Son, Ltd. v. Checker Motors Corp.*, 572 F. Supp. 310, 315 (S.D.N.Y. 1983) (applying Michigan law and finding privity required), *with Cova v. Harley Davidson Motor Co.*, 26 Mich. App. 602, 608-10, 182 N.W.2d 800, 804-05 (1970) (finding privity not required). However, following its extensive review of case law and scholarly commentary, the *Mt. Holly* court concluded that, under the modern trend, privity is required. *Mt. Holly*, 666 F. Supp. at 120 (citing 1 James J. White & Robert S. Summers, Uniform Commercial Code § 11-5 (2d ed. 1980)). Plaintiffs have not brought to the Court's attention any Michigan case subsequent to *Mt. Holly* which challenges the holding in *Mt. Holly*. *Mt. Holly* appears to have the correct analysis in holding that in order for a plaintiff to recover economic losses on a breach of implied warranty theory under Michigan contract law, privity of contract must exist between the plaintiff and the defendant. *Mt. Holly*, 666 F. Supp. at 120. Thus, to avoid summary judgment, Plaintiffs must establish that they were in privity with Damon and FCCC.

*Watson*, 2002 U.S. Dist. LEXIS 27084, at 15-16 (footnote omitted).

Three cases, *Watson*, *Mt. Holly*, which is the case upon which Watson relied, and *Chiasson v. Winnebago Indus.*, 2002 U.S. Dist. LEXIS 27462, 01-CV-74809 (E.D. Mich. May 16, 2002),

which is an unpublished case from this District, were all relied upon by *Ducharme v. A & S RV Ctr., Inc.*, 321 F. Supp. 2d 843, 853 (E.D. Mich. 2004)(Cohn, J.), which held that

> The decisions of the district court in *Mt. Holly*, *Watson*, *Chiasson* correctly state the law. Privity is required in order for a consumer purchaser to make out a claim for breach of implied warranty against a remote manufacturer. The fact that an express warranty runs from the remote manufacturer to the purchaser does not create the requisite privity.

*Ducharme*, 321 F. Supp. 2d at 853.

Plaintiff, however, points out in a rather detailed and persuasive brief that *Watson*, and those cases which relied upon it, are a misapplication of Michigan law.  Specifically, Plaintiff points out that, in 1958, the Michigan Supreme Court eliminated the privity of contract requirement as obsolete in *Spencer v. Three River Builders & Masonry Supply, Inc.*, 353 Mich. 120, 128, 132-33, 90 N.W. 2d 873 (1958).

In fact, the Sixth Circuit has noted this and stated: "In a series of cases starting in 1958, the Michigan Supreme Court abolished the defense of privity in products liability cases where the complainant relied upon an implied warranty." *Green v. Volkswagen of America, Inc.*, 485 F.2d 430, 432-433 (6th Cir. 1973).  Plaintiff points out that *Watson* came to the conclusion it did, because "Plaintiffs have not brought to the Court's attention any Michigan case subsequent to *Mt. Holly* which challenges the holding in *Mt. Holly*." *Watson*, 2002 U.S. Dist. LEXIS 27084, at 16.  It is important to note that only district courts have held that privity is required.  Yet, the Sixth Circuit has clearly held that privity is not required: "Michigan's rejection of the privity requirement in products liability cases is, as we see it, both sweeping and complete." *Reid v. Volkswagen of America, Inc.*, 512 F.2d 1294, 1298 (6th Cir. 1975).

3

Thus, regarding the first issue, the Court rules that Michigan law does not require privity of contract to exist between a plaintiff and a remote manufacturer before that Plaintiff may sue the manufacture for a breach of the implied warranty of merchantability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion for a Judgment as a Matter of Law with respect to Plaintiff's claim for breach of the implied warranty of merchantability against the Defendant Coachmen is **DENIED**.

II.   **Whether Defendant Walt Michal's disclaimer of the implied warranties of merchantability is enforceable.**

Defendant argues that Defendant Walt Michal's disclaimer of any implied warranty is enforceable. The disclaimer states

> Unless A Separate Written Document Showing The Terms Of Any Dealer Warranty Or Service Contract Is Furnished By the Dealer, MICHAL ENTERPRISES, Inc., To The Pruchaser, The Seller, MICHAL ENTERPRISES, Inc., Hereby Expressly Disclaims All Warranties, Either Express Or Implied Including Any Implied Warranty Of Merchantability Or Fitness For a Particular Purpose, Neither Assumes Nor Authorizes Any Other Person To Assume For It Any Liability In Connection With The Sale Of the Vehicle. This Disclaimer By the Seller In No Way Affects The Terms Of the Manufacter Warranty.

Tr. Ex. C-1d. The disclaimer appears on the "Application for Michigan Title – Statement of Vehicle Sale" almost directly above Plaintiff's signature—there are only two items between the disclaimer and Plaintiff's signature. The disclaimer is in bold type. Even so, the disclaimer is entitled "REMARKS" and is typed in small, tight letters. While the first letter of each word is capitalized (known as "title case"), the rest of the disclaimer is typed in lower case letters. Next to the title and above the actual disclaimer is handwritten "SPECIAL MAILER."

4

Defendant argues that the disclaimer is enforceable because Defendant Walt Michal's did not provide any express warranties, only Defendant manufacturer Coachmen did, and Plaintiff never enterer into a service contract with Defendant Walk Michal's. Defendant argues that this disclaimer is sufficient under the Magunson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, et seq. Defendant relies on *Ducharme*. In *Ducharme*, the defendant motor home seller was found to have effectively disclaimed any implied warranties. The court found:

> A&S [the seller] did not offer an express warranty and disclaimed all implied warranties, and specifically stated that any manufacturer's warranty is that made by that manufacturer only. Although A&S provided the Ducharmes with copies of Fleetwood, FCCC and Cummin's express limited warranties, it did not adopt them or enter into a service contract with Plaintiffs for repair of the motor home. *See Id.* at 818 ("The federal MMA does not revive plaintiff's state law breach of implied warranty claims, nor does it create law regarding the adoption of third-party warranties in Michigan."). Thus, the MMWA does not apply to A&S and therefore it is entitled to summary judgment on this claim.

*Ducharme*, 321 F. Supp. 2d at 854 (citing Section 110(d) of the MMWA). Defendant states that Walt Michal's disclaimer is exactly what the *Ducharme* court determined must be included to be an effective disclaimer.

Plaintiff argues that the disclaimer not enforceable by its own terms and under the MMWA. The disclaimer states that any implied warranties of merchantability are disclaimed "Unless A Separate Written Document Showing The Terms Of Any Dealer Warranty Or Service Contract Is Furnished By the Dealer, MICHAL ENTERPRISES, Inc." The MMWA provides that

> No supplier may disclaim or modify (except as provided in subsection (b)) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

5

15 U.S.C. § 2308(1).  Plaintiff argues that Walt Michal's "furnished" two warranties, thereby making the disclaimer invalid under its own terms and the MMWA.  Those warranties, however, were not made by Walt Michal's, but by Defendant Coachmen, the manufacturer.  Walt Michal's merely delivered them as it delivered the motor home.  *See Ducharme*, 321 F. Supp. 2d at 854 ("Although A&S provided the Ducharmes with copies of Fleetwood, FCCC and Cummin's express limited warranties, it did not adopt them or enter into a service contract with Plaintiffs for repair of the motor home.  . . .  Thus, the MMWA does not apply to A&S and therefore it is entitled to summary judgment on this claim.").

Plaintiff also argues that the disclaimer is invalid under its own terms and the MMWA because Walt Michal's performed a thorough pre-delivery inspection, which was put down in writing and certified as complete.  Plaintiff argues that this inspection became a promise that the various components of the motor home were functioning properly and this became a basis of the bargain.  Plaintiff states that this type of pre-delivery inspection form has been held to be a written warranty under MMWA.

Plaintiff relies on *Marine Midland Bank, N.A. v. Carroll*, 98 A.D.2d 516 (N.Y. App. Div. 1984).  This case, though, is a NewYork state appellate case that has only been cited five times. Twice in New York cases, in the dissenting opinions of two Alabama cases, and once by a federal court, the Eight Circuit, which distinguished it.  As such, the case constitutes very weak authority for the proposition that a pre-delivery inspection form is a written warranty under the MMWA.  This Court declines to follow it.

6

Plaintiff's last argument relies on the Uniform Commercial Code and Michigan law.  Under Michigan's adaptation of the UCC,

> to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous.

M.C.L. § 440.2316(2).  With regard to the term "conspicuous," Michigan law states

> A term or clause is conspicuous when it is so written that a reasonable person against whom it is to operate ought to have noticed it. A printed heading in capitals (as: non-negotiable bill of lading) is conspicuous. Language in the body of a form is "conspicuous" if it is in larger or other contrasting type or color. But in a telegram any stated term is "conspicuous". Whether a term or clause is "conspicuous" or not is for decision by the court.

MCLS § 440.1201(10).  The determination of whether a term is conspicuous or not is a decision for the court and "[t]rial judges have made this determination even in jury trials."  *Krupp PM Eng'g v. Honeywell, Inc.*, 209 Mich. App. 104 (Mich. Ct. App. 1995).

The only thing conspicuous about Walt Michal's disclaimer is that it is in contrasting type, i.e., bold, and it is next to the place for Plaintiff's signature.  While the printed heading is in all capitals, the heading merely states "REMARKS."  The letters are smaller than other language and in lower case.

In the *Ducharme* court found the defendant's disclaimer effective because

> Here, however, the notice to purchasers of warranties is written in all capital letters in contrasting color on the front of the document. On the back side of the purchase agreement, the disclaimer of the warranty of merchantability is capitalized and in bold print. Thus, the disclaimer was in writing and conspicuous. A&S is therefore entitled to summary judgment on the Ducharmes' claims for breach of implied warranties of merchantability and fitness.

7

*Ducharme*, 321 F. Supp. 2d at 852. Unlike the defendant in *Ducharme*, Walt Michal's disclaimer is not in all capital letters, does not appear to be in contrasting color, and does not appear more than once on the document. Most damaging to Walt Michal's is that the disclaimer is written in small, tight letters and entitled "REMARKS." This is unlikely to alert a purchaser that the text is a disclaimer. Furthermore, directly above the actual disclaimer is handwritten "SPECIAL MAILER." This alone would lead a purchase to believe that the language regards not a disclaimer, but instead some cursory, supplemental information.

Thus, regarding the second issue, the Court rules that Defendant Walt Michal's disclaimer of the implied warranty of merchantability is not conspicuous and therefore not enforceable under Michigan Law.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's Motion for a Judgment as a Matter of Law with respect to Defendant Walt Michal's disclaimer of the implied warranty of merchantability is **DENIED**.

**SO ORDERED.**

Dated:   September 15, 2005                            s/Paul V. Gadola
                                                      HONORABLE PAUL V. GADOLA
                                                      UNITED STATES DISTRICT JUDGE

8

Certificate of Service

I hereby certify that on  September 15, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                Thomas D. Esordi; Mark P. Romano; John M. Sier                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.


                                        s/Ruth A. Brissaud_____
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845