UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALVADOR LEYVA,

                         Plaintiff,

                                              CIVIL CASE NO. 04-40171

v.

COACHMEN R.V. COMPANY, et al.,        HONORABLE PAUL V. GADOLA
                                                     U.S. DISTRICT COURT
                     Defendant.
_____/

## OPINION AND ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS

Before the Court are certain objections to proposed jury instructions filed by Plaintiff on September 14, 2005. This opinion and order only concerns Defendants' objections to Plaintiff's proposed Special Instructions Nos. 5, 8 and 10, and only insofar as they regard the remedies available to Plaintiff and the confusion such instructions may cause. Plaintiff contends that the remedies of revocation and consequential damages are available to him because the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et esq., looks to state law for the available remedies.

It is Defendants' position that the Magnuson-Moss Warranty Act only provides protection to limited warranties to the extent that it requires their enforcement. And, since Defendant Coachmen's limited warranty does not provide for revocation, it cannot be obtained through the Magnuson-Moss Warranty Act. Defendants further contend that Plaintiff cannot seek revocation because Plaintiff's state law claim for revocation under the UCC was dismissed without prejudice and is now being pursued in state court. Finally, Defendants also argue that consequential damages are not available for the same reason.

**I.      Whether revocation is a permissible remedy.**

The Magunson-Moss Warranty Act provides:

(1) . . . [A] consumer who is **damaged by the failure of a supplier, warrantor**, or service contractor **to comply with any obligation under this title** [15 USCS §§ 2301 et seq.], **or under a written warranty, implied warranty**, or service contract, **may bring suit for damages and other legal and equitable relief**—
   (A)   in any court of competent jurisdiction in any State or the District of Columbia; or
   (B)   in an appropriate district court of the United States. . . .

15 USCS § 2310(d)(1) (emphasis added).

Although the Magunson-Moss Warranty Act, does not supply substantive remedies for limited warranties as it does for full warranties, a plaintiff can pursue a breach of warranty claim under the Magnuson-Moss Warranty Act through a state law cause of action. When he does so, a court must look to state law for the remedy:

> The Magnuson-Moss Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract.'" *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) (quoting 15 U.S.C. § 2310(d)(1)). **There are two types of written warranties under the Act: full warranties and limited warranties.** See 15 U.S.C. § 2303(a).
>
> Section 2304 of the Act imposes minimum federal warranty standards for "full warranties" and provides remedies for their breach, including either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after reasonable attempts to do so. *Id.* Yet, as pled in the complaint, [this car's] warranty is a "limited" one not subject to § 2304 and thus not subject to the Act's substantive remedies, including a refund of the $ 69,513 purchase price. *See* 15 U.S.C. § 2303(a); *Mackenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 & n.7 (5th Cir. 1979) .
>
> **The Act also, however, allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action**.

2

> *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 956 (7th Cir. 1998). When the plaintiff relies on state law causes of action to bring a claim under the Magnuson-Moss Act, the $ 50,000 amount in controversy still must be met. *Id.* **In such a case, we then look to state law to determine the remedies available, which in turn informs the potential amount in controversy**. *Id.*

*Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (emphasis added) (citations omitted).

> Michigan law allows revocation of acceptance:
>
> (1) **The buyer may revoke his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to him if he has accepted it**
>    (a) on the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>    (b) without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
> (2) **Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.**
> (3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

M.C.L. § 440.2608 (emphasis added). However, in Michigan, revocation is limited to the immediate seller:

> **Under Michigan Law, "revocation of acceptance ... is typically utilized against an immediate seller... there is nothing to indicate that the Legislature intended the revocation of acceptance of a contract to apply to parties not in privity of contract.** Acceptance under the UCC concerns the relationship between a buyer and a seller . . . Thus, revocation is inextricably connected to the contractual relationship between a buyer and a seller. *Henderson v. Chrysler Corp.*, 191 Mich. App. 337, 341-43, 477 N.W.2d 505 (1991).

*Pidcock v. Ewing*, 371 F. Supp. 2d 870, 877 (D. Mich. 2005)(emphasis added).

The Court's previous dismissal without prejudice of Count III of Plaintiff's complaint, entitled "Revocation of Acceptance," does not preclude the Court from allowing Plaintiff to seek revocation under the Magnuson-Moss Warranty Act. Count III was a supplemental state law claim of revocation which sought the remedies that follow upon revocation. What Plaintiff is now pursuing is a federal claim under the Magnuson-Moss Warranty Act which happens to also seek the remedies that follow upon revocation. Dismissal of Plaintiff's revocation claim brought under state law claim does not strip the Magnuson-Moss Warranty Act of its available remedies.

Thus, the Court will allow Plaintiff to seek the remedy of revocation.

## II.     Whether consequential damages are available.

> Section 2-719(2) of the Uniform Commercial Code provides that where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in the Code. Because the purpose of an exclusive remedy of replacement or repair of defective parts is to give the seller an opportunity to make the goods conform while limiting the risk to which it is subject and is also to give the buyer goods that conform to the contract within a reasonable time after a defective part is discovered, **the courts have held that the failure to repair or replace causes the limitation of remedy to fail of its essential purpose.**

2 A.L.R.4th 576, 2a (2005) (emphasis added). Therefore, a breach of a limited warranty is identical to that warranty failing of its essential purpose.

Michigan law provides: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this act." M.C.L. § 440.2719. And, Michigan courts have held that when a warranty fails of its essential purpose, limitation of damages

provisions are not effective:

> We agree with those jurisdictions which have held that the failure of an exclusive remedy provision contained in a warranty renders the limitation of damages provision inoperable. In our view, the repair and replace remedy and the exclusion of consequential damages are integral and interdependent parts of the warranty and once defendant Yamaha is found to have breached its obligation to repair or replace, the provision excluding consequential damages will be deemed to have failed and the buyer may pursue the general remedies provided by the UCC.

*Kelynack v. Yamaha Motor Corp.*, 152 Mich. App. 105, 115 (Mich. Ct. App. 1986).

Thus, the Court will allow Plaintiff to seek consequential damages.

Nevertheless, Defendants also object to Plaintiff's proposed Special Instruction No. 5 in that it will only serve to confuse the jury. The Court agrees. The Court will not utilize Plaintiff's Special Instruction No. 5, regarding "essential purpose" and consequential damages because it will only serve to confuse the jury. The jury is informed as to the availability of such damages, and the effects of a breach of warranty, in other instructions.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' objections to Plaintiff's proposed Special Instructions Nos. 5, 8 and 10, insofar as they regard the remedies available to Plaintiff, are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendants' objection to Plaintiff's proposed Special Instruction No. 5, insofar as it regards possible confusion of the jury, is **SUSTAINED**.

**SO ORDERED.**

Dated:   September 20, 2005             s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  September 22, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
            Thomas D. Esordi; Mark P. Romano; John M. Sier              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .

                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845